IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LISA AND THOMAS D'ACHINO, | : | |
| | : | |
| Plaintiffs, | : | |
| | : | CIVIL ACTION NO. 05-4380 |
| v. | : | |
| | : | |
| GNOC CORP., | : | |
| | : | |
| Defendant. | : | |

## MEMORANDUM

BUCKWALTER, S.J.                                                                                              December 5, 2005

Presently before the Court are Plaintiffs' Motion to Remand (Docket No. 3) and Defendant's response thereto (Docket No. 5). As explained below, Plaintiffs' Motion is granted.

**I. PROCEDURAL AND FACTUAL HISTORY**

Plaintiffs instituted this action by filing their Complaint in the Philadelphia County Court of Common Pleas on July 7, 2005. In their Complaint, Plaintiffs allege causes of action for negligence and loss of consortium resulting from an alleged slip and fall at Defendant's premises. The *ad damnum* clause to the negligence count states that Plaintiff Lisa D'Achino demands judgment against Defendant in amount less than $50,000, plus costs and delay damages. Similarly, the *ad damnum* clause to the loss of consortium states that Plaintiff Thomas D'Achino demands judgment against Defendant in amount less than $50,000, plus costs and delay damages. Because Plaintiffs seek less than $50,000, the case was assigned to compulsory arbitration in the Philadelphia County Court of Common Pleas.

Defendant filed its Notice of Removal on August 17, 2005.  According to the Notice of Removal, Defendant removes based on diversity jurisdiction.  Defendant alleges that Defendant is a citizen of New Jersey and that Plaintiffs are citizens of Pennsylvania.  Further, Defendant alleges the amount in controversy exceeds the jurisdictional limit of $75,000.  Specifically, while acknowledging that Plaintiffs state in their *ad damnum* clauses that they seek less than $50,000, Defendant claims that the allegations of the Complaint suggest that there is a much greater amount in controversy.   With respect to Plaintiff Lisa D'Achino's negligence claim, Defendant cites Paragraph 14 of the Complaint, which states:

> [as a result of the fall, . . . [Plaintiff Lisa D'Achino] . . . sustained injuries which are or may be serious and permanent, including, but not limited to: cervical strain and sprain; left shoulder sprain; and severe damage to her nerves and nervous system, all of which caused her great pain and agony and prevented her and probably will in the future prevent her from attending to her daily activities and labors to her great detriment and loss.

(Compl. ¶ 14.)  According to Defendant, Plaintiff Thomas D'Achino's loss of consortium claim also suggests a much greater amount in controversy.  Defendant quotes Paragraph 17 of the Complaint, which states, "[as a result of . . . [Defendant's] . . . negligence, . . . [Plaintiff Thomas D'Achino] . . . has been deprived of the society, companionship, contribution, and consortium of his wife . . . to his great detriment and loss." Id. at ¶ 17.  Defendant also cites Paragraph 18 of the Complaint, which states, "[as a result of . . . [Defendant's] . . . negligence, . . . Plaintiff Thomas D'Achino . . .  has incurred and will in the future incur large medical bills and expenses to treat his wife's injuries." Id. at ¶ 18.

In the Motion to Remand before the Court, Plaintiffs do not contest the existence of diversity of citizenship. Plaintiffs argue that this Court lacks jurisdiction because the amount in controversy is less than the jurisdictional limit.

## II. STANDARD

A defendant may remove a case to federal court if the federal court has jurisdiction over the matter. 28 U.S.C. §§ 1441(a). The federal court has diversity jurisdiction when the parties are citizens of different states and the amount in controversy exceeds $75,000 exclusive of costs and interest. 28 U.S.C. §§ 1332(a)(1). As the party asserting jurisdiction, Defendant bears the burden of establishing that the instant matter is properly before this Court. Samuel-Bassett v. KIA Motors Am. Inc., 357 F.3d 392, 396 (3d Cir. 2004). The Court must grant Plaintiffs' Motion to Remand unless Defendant shows to a "legal certainty" that the amount in controversy exceeds the statutory minimum. Id. at 397-98. All doubts must be resolved in favor of remand. Id. at 403. In assessing the amount in controversy, the Court must begin by reviewing the Complaint. Id. at 398.

## III. DISCUSSION

Defendant has not met its burden of establishing to a legal certainty that the amount in controversy exceeds the statutory minimum. In examining Plaintiff's Complaint with respect to the amount in controversy, the Court focuses on the *ad damnum* clauses of Plaintiff's Complaint. Both clauses limit recovery to under $50,000. Because both counts of the Complaint seek damages "not in excess of $50,000," the instant case was designated for compulsory arbitration in the Philadelphia Court of Common Pleas, where the total amount of damages recoverable is capped at $50,000, pursuant to 42 Pa. C.S.A. § 7361. Courts have found against

removal in cases where plaintiffs demanded less than $50,000 in their *ad damnum* clauses and thus were assigned to compulsory arbitration.  See Augustine v. Chubb Group of Ins. Cos., No. 05-2073, 2005 WL 1869186, at *3 (E.D. Pa. July 27, 2005) (finding that it appeared to a legal certainty that the amount in controversy in the case would not exceed the jurisdictional amount because the amount of damages recoverable at arbitration was capped at $50,000 pursuant to 42 Pa. C.S.A. § 7361); O'Toole v. State Farm Fire & Cas. Co., No. 03-5442, 2004 WL 1126023, at *1 (E.D. Pa. May 20, 2004) (concluding that it appeared to a legal certainty that the plaintiffs' claim was less than jurisdictional limit where the plaintiffs' claim was sent to compulsory arbitration, and was capped at $50,000, pursuant to Pa. C.S.A. § 7361).

Defendant argues that the Court has jurisdiction because there are circumstances in which Plaintiffs could recover more that the jurisdictional limit.  For example, a plaintiff dissatisfied with an arbitration award may appeal the award and obtain a court trial where the plaintiff could possibly recover more than $50,000.  Defendant's argument is not sufficient to demonstrate jurisdiction.  Courts have found that the possibility that a plaintiff could recover more than $50,000 was too theoretical to demonstrate that the amount in controversy exceeded the jurisdictional limit.  See Connelly v. Schleef, No. 01-5559, 2002 WL 192569, at *2 (E.D. Pa. Jan. 30, 2002) (concluding that the possibility of recovering more than $50,000 on appeal from arbitration was too theoretical to demonstrate that the amount in controversy exceeded the jurisdictional limit); Di Filippo v. Southland Corp., No. 94-2650, 1994 WL 273310, at *2 (E.D. Pa. June 21, 1994) (concluding that the possibility that the plaintiff could recover in excess of $50,000 on appeal from arbitration was too remote to confer jurisdiction).

The Court concludes that Defendant has failed to demonstrate to a legal certainty that the amount in controversy exceeds $75,000.  Therefore, the Court lacks jurisdiction and must remand the instant case to the Philadelphia County Court of Common Pleas.

## IV.  CONCLUSION

For the foregoing reasons, Plaintiffs' Motion to Remand is granted.  An order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LISA AND THOMAS D'ACHINO, | : | |
| | : | |
| Plaintiffs, | : | |
| | : | CIVIL ACTION NO. 05-4380 |
| v. | : | |
| | : | |
| GNOC CORP., | : | |
| | : | |
| Defendant. | : | |

## ORDER

AND NOW, this 5th day of December, 2005, upon consideration of Plaintiffs' Motion to Remand (Docket No. 3) and Defendant's response thereto (Docket No. 5), it is hereby **ORDERED** that Plaintiff's Motion is **GRANTED**, and this case is **REMANDED** to the Court of Common Pleas of Philadelphia County.

BY THE COURT:

_____
RONALD L. BUCKWALTER, S.J.